United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2007

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

---

m 06-10545

---

JONES PARTNERS CONSTRUCTION, LLC,

Plaintiff-Appellant,

VERSUS

APOPKA PLAZA ASSOCIATES, LLC, AND U.S. BANK NATIONAL ASSOCIATION,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
m 3:04-CV-1294

---

Before GARWOOD, SMITH, and DEMOSS,
Circuit Judges.

PER CURIAM:[*]

Jones Partners Construction, LLC ("Jones

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Partners"), sued U.S. Bank National Association ("U.S. Bank") for fraud, alleging that U.S. Bank had created a false impression about funds from a loan U.S. Bank had made to Apopka Plaza Associates, LLC ("Apopka")SSa company that hired Jones Partners to serve as managers on a construction project. Jones Partners asserts that one of U.S. Bank's loan officers told a Jones Partners executive about U.S. Bank's loan to Apopka and solicited Jones Partners to work on the project. Meanwhile, this same loan officer knew that

the loan proceeds had been exhausted almost completely to cover up an illicit transaction between the loan officer and an Apopka executive, leaving insufficient funds to pay Jones Partners for its work.

The district court granted summary judgment for U.S. Bank. It found that no reasonable juror could conclude that U.S. Bank's conduct created a false impression that funds would be available to pay for construction costs because, if anything, U.S. Bank's statements conveyed the impression that this project and loan were both in trouble. U.S. Bank's loan officer told Jones Partners that the interest on the loan was "eating [Apopka] alive" and that Apopka and U.S. Bank really needed Jones Partners to help. These statements indicate troubleSSnot a guarantee of a loan sufficient to fund payments to Jones Partners. Because the court found that U.S. Bank did not create a false impression, it concluded Jones Partners could not make out a case for fraud or for fraudulent concealment.[1]

"This Court reviews grants of summary judgment *de novo*, applying the same standard as the district court, viewing the evidence in a light most favorable to the non-movant." *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003). We have carefully examined the briefs and relevant portions of the record and have heard the arguments of counsel. Essentially for the reasons stated in the district court's Memorandum Opinion and Order, we AFFIRM.

---

[1] Jones Partners' fraudulent concealment claim relied on Jones Partners' establishing that U.S. Bank had created a false impression.